

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0611-24

### EX PARTE GARY GRIFFIN, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS HAYS COUNTY

**NEWELL, J., filed a concurring opinion in which SCHENCK, P.J., joined.**

Regardless of whether Appellant's claim for habeas relief is cognizable, the court of appeals appears to have imposed a timeliness requirement on the filing of an application for post-conviction habeas corpus relief.[1]  In other words, the court of appeals held that Appellant's filing of his application for

---

[1] *Ex parte Griffin*, 703 S.W.3d 831, 836-38 (Tex. App. – Austin 2024, pet. granted).

habeas corpus relief was untimely and should not be considered.[2]  This holding is legally unsupported so I cannot agree to affirm the court of appeals judgment.  I agree with the Court's decision to vacate and remand so that the court of appeals can consider the propriety of Appellant's writ application without regard to the arbitrary deadline the court of appeals imposed.  Perhaps Appellant's claim is not cognizable.  Perhaps it is.  The court of appeals can answer that on remand.  With these thoughts I join the Court's opinion.

Filed: September 3, 2025

Do Not Publish

---

[2] *Id.* at 837 ("Although counsel is correct that there is no statutory deadline for requesting an out-of-time appeal from the denial of an article 11.072 habeas application, his disregard for his delay following the receipt of notice flies in the fact of the nature of habeas relief . . . Under the facts of this case, Griffin has failed to show that he was entitled to an out-of-time appeal as a matter of due process in light of his attorney's 93-day delay in requesting the out-of-time appeal without the barest reason given for the delay [in filing the instant habeas application].").